## In re Fayette County Controller's Report

*A. Cavalcante,* for petitioners.

*J. W. Ray, Jr., Wade K. Newell,* and *J. Espey Sherrard,* for respondents.

PER CURIAM, May 7, 1942.—On April 27, 1942, 15 taxpayers of Fayette County appealed from the report of the county controller to the court of common pleas as authorized by section 1035 of The General County Law of May 2, 1929, P. L. 1278. They were original parties in the action, no appeal having been entered by county officials within 60 days after the filing of the report as authorized by section 379 of the act aforesaid. The report was filed January 30, 1942, and these taxpayers had, under said section 1035, supra, 90 days after the filing of the report within which to enter their appeal. The appeal was presented in open court on the date aforesaid, April 27, 1942, and ordered filed, it being then further ordered that the county controller and the county commissioners be served with notice of the filing of this appeal.

Prior to the entry of this appeal, to wit, on April 25, 1942, counsel for the appealing taxpayers, out of an

abundance of caution with respect to the effect of Pennsylvania Rules of Civil Procedure under the subject of "Intervention," presented to this court a petition of these taxpayers asking permission to intervene in the matter of the controller's report and appeal therefrom to this court. On presentation of this petition a rule was granted on the county controller, returnable April 27, 1942, at 10 a.m. to show cause why the petitioners should not be permitted to intervene. On the return of this rule permission to intervene was granted, and subsequently the appeal was ordered filed as aforesaid.

On May 4, 1942, the county controller and county commissioners filed a petition purporting to be under the Act of March 5, 1925, P. L. 23, alleging, inter alia, failure to comply strictly with the Pennsylvania Rules of Civil Procedure with respect to the aforesaid petition for leave to intervene and appeal. The petition asked for a rule to show cause why the rule of April 25, 1942, the petition for intervention, and the order of April 27, 1942, permitting intervention, should not be quashed for lack of jurisdiction.

It seems clear that the petition of the controller and the commissioners must be dismissed. The petition purports to be under the Act of March 5, 1925, P. L. 23. That act by its terms is only for the purpose of determining preliminarily whether the court has jurisdiction over defendants or of the cause of action. The Act of May 2, 1929, supra, gives this court jurisdiction as to the cause of action and necessarily jurisdiction over the county controller and the county commissioners.

Whether the proceedings prior to the entry of the appeal were regular and in accordance with the Pennsylvania Rules of Civil Procedure does not appear to be a question for determination under this Act of March 5, 1925, supra. However, in our opinion there was a sufficient compliance with these rules, assuming that they are applicable to the facts herein. Considering the

facts, all proceedings prior to the entry of the appeal, it would seem, may be considered as unnecessary and surplusage. The petition of the controller and the commissioners now under consideration states at paragraph 8(D):

"The County Controller's 31st Annual Report for the year ending January 5, 1942, is not an 'action' as defined by Pa. R. C. P. 2326."

Accepting this view, no such action was pending as required permission of the court for the taxpayers to appeal. They are original parties, not interveners. Under Federal Equity Rule 37 what is meant by intervention is made clear. This rule states in part: ". . . intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." Here the taxpayers have instituted the main proceeding.

It has been suggested that Pa. R. C. P. 2350 suspends section 1035 of the above-mentioned Act of May 2, 1929, insofar as said section relates to intervention by taxpayers to appeal from controllers' reports. Suspension would be under the authority of section 1 of the Act of June 21, 1937, P. L. 1982, and could only be to the extent that operation of said section of said Act of May 2, 1929, insofar as it may relate to practice or procedure, is inconsistent with the Rules of Civil Procedure relating to appeals from controllers' reports. Pa. R. C. P. 2327-2329, inclusive, provide how during the pendency of an action a person not a party thereto may intervene. The word "action" as here used "means any civil action or proceeding at law brought in or appealed to any court of record which is subject to these rules": Pa. R. C. P. 2326. As above pointed out, it is urged by the controller and the commissioners in their petition that the controller's report is not "an action" within the meaning of that term as used in these rules. In this view of the matter an appeal from the report must be entered before there is an action pending to

intervene in which permission must be secured under procedure prescribed by the rules mentioned. In the instant proceeding 15 taxpayers instituted the action as original parties. If other parties now wish to intervene they should obtain permission to do so in the manner prescribed by the aforesaid Rules of Civil Procedure. If within the 60-day period a county official had desired to appeal from the controller's report and no appeal was pending he would have had a right to do so given him by law, and to say that he must first have secured permission to appeal does not seem reasonable. The right in the court to grant the permission in such instance implies the power to refuse it. In the adoption of the rules under consideration it is not conceivable that there was any intention to invest this court with such power. What has just been said with respect to an appeal by an officer is likewise applicable to an appeal by taxpayers.

We conclude that the appeal by the 15 taxpayers from the controller's report to this court was so entered on April 27, 1942, as to give this court jurisdiction of the cause of action and of the parties interested and that the issuance of the rule requested is not authorized by the Act of March 5, 1925, P. L. 23. Hence the petition should be dismissed.

### Order

And now, May 7, 1942, after consideration, it is ordered and directed that the petition of the county controller and the county commissioners under the Act of March 5, 1925, P. L. 23, for a rule to show cause why the rule dated April 25, 1942, the petition for intervention, and the order of April 27, 1942, should not be quashed for lack of jurisdiction, be and it is hereby dismissed.